UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON JACKSON,

      Plaintiff,                                 Case No. 2:21-mc-50243

v.                                             Paul D. Borman
                                                  United States District Judge

STATE OF MICHIGAN,

      Defendant.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE

On February 16, 2021, Plaintiff Aaron Jackson, proceeding without counsel, opened this matter by filing a 43-page Affidavit. In this Affidavit, Plaintiff alleged, without elaboration, that he was "wrongfully convicted in the United States by the State of Michigan." (ECF No. 1 at PgID 1). He also attached a series of documents that appear to include: a Security Agreement in which Michigan acknowledges giving Plaintiff a Promissory Note for $100 billion (*id.* at PgID 4–7); Invoices from Plaintiff to the Michigan Department of Corrections for $500 million (*id.* at PgID 10) and to Judith Fullerton for $500 thousand (*id.* at PgID 24–25); Collateral Agreements—in various states of completion—that list all of Michigan's assets as collateral for an unspecified debt to Plaintiff (*id.* at PgID 8–9, 15, 40–41); Plaintiff's

1

Michigan Department of Corrections page (*id.* at PgID 27–30); and some of Plaintiff's personal records (*id.* at PgID 31, 34–36).

On April 9, 2021, Plaintiff filed 7 more pages of uncategorized documents. These pages comprised: a copy of the Court's Notice Regarding Parties' Responsibility to Notify Court of Address Change (ECF No. 4 at PgID 1); a Pennsylvania Department of Labor & Industry UCC Code Official Complaint Form that reiterates Plaintiff's claim that he was "wrongfully convicted in the United States by State of Michigan" (*id.* at PgID 2); a copy of the aforementioned Invoice to the Michigan Department of Corrections (*id.* at PgID 3); a Collateral Agreement securing all of the United States' assets for an unspecified debt to Plaintiff (*id.* at PgID 4–5); a Request that no other party "represent" Plaintiff in any transaction (*id.* at PgID 6); and a copy of the envelope in which Plaintiff mailed these new pages to the Court (*id.* at PgID 7).

Courts must liberally construe the pleadings and filings of pro se plaintiffs. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that courts hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers"). Nonetheless, in "the rarest of circumstances," a district court may "*sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated,

unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999) (citations omitted); *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion[]' . . . ." (citations omitted)). The district court need not give a plaintiff an opportunity to amend his complaint before such a dismissal. *Id.* at 479.

Accordingly, Plaintiff's case will be dismissed because the claims in his filings are totally implausible and devoid of merit. Although they do provide a record of Plaintiff's convictions and prison sentences (ECF No. 1 at PgID 27–30), Plaintiff's filings do not allege any facts to support their conclusory claim that he was "wrongfully convicted" by the State of Michigan (*id.* at PgID 1). Moreover, the only support that Plaintiff's filings contain for their inconsistent claims to $500 thousand (*id.* at PgID 24–25), $500 million (*id.* at PgID 10), and $100 billion (*id.* at PgID 4–7) consists of unverified invoices (*id.* at PgID 10, 24–25) and nonsensical Security and Collateral Agreements (*id.* at PgID 4–9, 15, 40–41; ECF No. 4 at PgID 4–5).

3

Plaintiff's filings—which do not include anything labelled as a Complaint—also fail to satisfy any of the Federal Rules of Civil Procedure's requirements for an initial pleading: they do not include a "short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1); their wrongful conviction allegation does not rise to the level of a "short and plain statement of [a] claim showing that [Plaintiff] is entitled to relief," Fed. R. Civ. P. 8(a)(2); and their scattered monetary claims do not converge on a clear "demand for the relief sought," Fed. R. Civ. P. 8(a)(3).

For these reasons, Plaintiff's opening filings lack the legal plausibility necessary to invoke federal subject matter jurisdiction as to any federal claim against any defendant in this case and are **DISMISSED WITH PREJUDICE** pursuant to the Court's authority established in *Apple v. Glenn*.

As a result, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **DENIED** as moot.

IT IS SO ORDERED.

                                                s/Paul D. Borman
                                                Paul D. Borman
                                                United States District Judge

Dated: September 10, 2021